The Honorable Ode Maddox State Representative P.O. Box 128 Oden, Arkansas 71961-0128
Dear Representative Maddox:
This is in response to your request for an opinion on whether it is "legal to use 911 funds to purchase an automobile to be used in operating the 911 service."
It is my opinion that the answer to your question is in all likelihood "no."
It is my understanding that the automobile proposed to be purchased would be used by the 911 coordinator while traveling out to various homes and sites in the county for the purpose of assigning 911 addresses with the help of a computer kept in the car. Additionally, I assume that the reference to "911 funds" in your request refers to the "emergency telephone service charges" authorized at A.C.A. §§ 12-10-318 — 322 (Cum Supp. 1993). Section 12-10-323 governs the expenditure of these funds, and provides in pertinent part as follows:
 (a) Revenue generated as authorized in §§ 12-10-318 — 12-10-321 may be expended only for the following purposes:
 (1) The engineering, installation, and recurring costs necessary to implement, operate, and maintain a 911 telephone system;
 (2) The costs necessary for forwarding and transfer capabilities of calls from the 911 public safety communication center to dispatch centers or to other 911 public safety communication centers;
 (3) Engineering, construction, lease or purchase costs to lease, purchase, build, remodel, or refurbish a 911 public safety communications center and for necessary emergency and uninterruptable power supplies for the center;
 (4) Personnel costs in the amount of seventy-five percent (75%) of the salary and benefits of each position charged with supervision and operation of the 911 public safety communication center and system;
 (5) Purchase, lease, operation, and maintenance of consoles, telephone, and communications equipment owned or operated by the political subdivisions and physically located within and for the use of the 911 public safety communication center and radio or microwave tower and equipment with lines which terminate in the center;
 (6) Purchase, lease, operation, and maintenance of computers, data processing equipment, associated equipment, and leased audio or data lines assigned to and operated by the 911 public safety communication center for the purposes or coordinating, forwarding of calls, dispatch, or recordkeeping of public safety and private safety agencies, for which the 911 public safety communication center is the Public Safety Answering Point (PSAP) and to provide information assistance to those agencies.
 (b) Expenditure of revenue generated by §§ 12-10-318 — 12-10-321 for purposes not identified in this section is expressly prohibited.
 (c) Appropriations of funds from any source other than §§ 12-10-319 — 12-10-321 may be expended for any purpose whatsoever and may supplement the authorized expenditures of this section and may fund other activities of the 911 public safety communication center not associated with the provision of emergency services. [Emphasis added.]
As can be seen from the statute above, the authorized uses of the "911 funds" are specifically enumerated. The statute makes plain, in at least two places, that the "911 funds" may only be spent for these enumerated uses. I cannot conclude that the purchase of an automobile for the purposes suggested falls within the specifically authorized expenditures set out above. That being the case, it is my opinion that an expenditure for an automobile to aid in the 911 service should be purchased with funds available from any other source than §§ 12-10-318 — 321, as is contemplated by A.C.A. § 12-10-323(c) which references the funding of activities of the 911 center not associated with the provision of emergency services.
It is therefore my opinion that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh